## Case No. 14,262.

### TURNER v. NEWMAN.

[3 Biss. 307;[1] 4 Chi. Leg. News, 361.]

Circuit Court, N. D. Illinois.  July Term, 1872.

PRACTICE — PROCEEDINGS TO RESTORE RECORDS.

The proceedings to restore records in the United States courts must conform to the act of congress, and not to the state statute.

Petition to restore the record of a judgment heretofore rendered in this court in favor of the petitioner against the defendant, praying a summons, and that the case proceed in the manner provided by the statute of the state of Illinois, approved April 9, 1872 (2 Gross, 317), commonly called the "Burnt Records Act."

Paddock & Ide, for plaintiff.
D. S. Pride, for defendant.

BLODGETT, District Judge. The plaintiff claims that by the 5th section of the act of congress, approved June 1, 1872 [17 Stat. 196], entitled "An act to further the administration of justice," he is entitled to proceed in conformity with the state statute. That section provides "That the practice, pleadings, forms and modes of proceeding in other than equity and admiralty causes, in the circuit and district courts of the United States, shall conform as near as may be, to the practice, pleadings, forms and modes of proceeding existing at the time in like causes in the courts of record of the state in which such courts are held, any rule of court to the contrary notwithstanding: provided, that nothing herein contained shall alter the rules of evidence under the laws of the United States as practiced in the courts thereof."

We do not think the restoration of the records of this court is by the act just quoted brought within the provisions of the state law on that subject. By act of congress, approved March 3, 1871 (16 Stat. 474), provision is made for the restoration of the records of the federal courts in all cases when the same shall be lost or destroyed. And by the act of congress, approved March 18, 1872 (17 Stat. 41), the method of proceeding under that statute is further regulated and defined. It seems clear to us that it was not the intention of congress, by the fifth section of the act of June 1st, to repeal or abrogate the act of March 3, 1871, and its amendment. The proceeding to restore records does not come within the general term of practice or pleadings in the courts, which obviously has reference to the mode of commencing and trying causes, but it is a special proceeding sui generis, and to be governed by the statute authorizing it. The act of March 3d applies to all cases in law, equity, and admiralty, while the conformity act of June 1st only applies to proceedings at law, so that if the construction contended for in this case was to prevail, we should have one mode of procedure in cases at law governed by the state statute, and another, in equity and admiralty cases, governed by act of congress. For these reasons we consider that proceedings to restore records in this court must conform to the act of congress, and that the state statute does not control, although we admit that the state statute is in many respects much more simple and easy of application than the act of congress.